1  MICHAEL A. PIAZZA, Cal. Bar No. 235881
   Email: piazzam@sec.gov
2  JOSE F. SANCHEZ, Cal. Bar No. 161362
   Email: sanchezj@sec.gov
3  JOHN B. BULGOZDY, Cal. Bar No. 219897
   Email: bulgozdyj@sec.gov
4  ANDREW J. DUNBAR, Cal Bar No. 203265
   Email: dunbara@sec.gov
5  ROBERT H. CONRRAD, Cal. Bar No. 199498
   Email: conrradr@sec.gov
6
   Attorneys for Plaintiff
7  Securities and Exchange Commission
   Randall R. Lee, Regional Director
8  Sandra J. Harris, Associate Regional Director
   Briane Nelson Mitchell, Associate Regional Director
9  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036
10 Telephone: (323) 965-3998
   Facsimile:  (323) 965-3908
11

12              UNITED STATES DISTRICT COURT
13          FOR THE CENTRAL DISTRICT OF CALIFORNIA
14                      WESTERN DIVISION

15 | In re Gemstar-TV Guide International, Inc. | Case No. CV 02-2775 MRP (PLAx)
   | Securities Litigation,                     |
16 |                                            | **STIPULATION TO APPOINT A**
   |              Defendants.                   | **TAX ADMINISTRATOR OVER**
17 |                                            | **THE SETTLEMENT FUND PAID**
   |                                            | **BY KPMG LLP**
18





248

The Securities and Exchange Commission (the "Commission") and KPMG LLP ("KPMG"), through their respective counsel of record, stipulate and agree as follows (the "Stipulation"):

**The KPMG Settlement Fund**

1. KPMG was a respondent in a Commission administrative proceeding related to the above-entitled action and consented to the entry of the Order Instituting Public Administrative Proceedings Pursuant to Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions (the "AP Order"), without admitting or denying the findings therein except as to the Commission's jurisdiction over it and the subject matter of the administrative proceedings.

2. On or about October 20, 2004, the Commission issued the AP Order, in which KPMG agreed to undertake, among other things, to pay $10,000,000 to the Clerk of the United States District Court for the Central District of California for the purpose of distributing this money pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

3. On or about October 29, 2004, KPMG paid $10,000,000, into the Registry of the Court (the "KPMG Settlement Fund"). As required by the AP Order, KPMG relinquished all legal and equitable right, title, and interest in the KPMG Settlement Fund and acknowledged that no part of the KPMG settlement Fund shall be returned to KPMG.

4. The KPMG Settlement Fund was deposited in an interest-bearing account.

5. The KPMG Settlement Fund constitutes a Qualified Settlement Fund ("QSF") pursuant to Section 468B(g) of the Internal Revenue Code ("IRC"), 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.

**The Commission's Proposed Tax Administrator**

6. To facilitate efficient and cost-effective tax administration services for

1

settlement funds created nationwide as a result of Commission civil enforcement activities, the Commission instituted a competitive bidding process to solicit firms to provide tax administrative services.

7. After going through the competitive bidding process, Damasco & Associates, a San Francisco-based CPA firm (the "Tax Administrator"), was selected by the Commission to provide tax administrator services in 26 of the settlement funds created in the Commission's administrative proceedings and in all civil proceedings pending in federal district court for the 2005 time period.

8. Damasco has extensive experience in this field and provides a reasonable cost structure.

9. The Commission and Damasco entered into an agreement that specifically delineates the services to be provided, and permissible fees for such services (the "Agreement").

10. The Agreement provides that, as the Tax Administrator, Damasco is compensated for services and expenses as follows:

| SERVICE | FUND STATUS | FIXED FEE |
|---|---|---|
| Current year income tax returns, including items 11a.-11f. (below) | Funds with no tax liability | $1,200 |
| Current year income tax returns, including items 11a.-11f. (below) | Funds with tax liability | $1,500 |
| Delinquent year income tax returns, including items 11a.-11f. (below) | Funds with no tax liability | $1,300 |
| Delinquent year income tax returns, including items 11a.-11f. (below) | Funds with tax liability | $1,500 |
| Loss Carryback (claim for refund) returns | For all funds | $500 |

11. The Agreement further provides that the fixed fee tax compliance services include the following:

    a. obtaining a federal tax identification number ("FEIN") for the QSF;

1      b.      preparing and file federal and state income tax returns, as
2                required;
3      c.      where required, calculating quarterly estimated tax payments and
4                providing information to the Court so that payments may be
5                made timely;
6      d.      assisting Commission counsel to prepare motion(s) and
7                supporting documentation to move the Court to disburse funds
8                to pay tax obligations and the Tax Administrator's fees and
9                expenses;
10      e.      calculating and recommending retention of a reserve, if
11                necessary, for penalties and interest to be assessed as a result of
12                any late filing of tax returns and late payment of taxes; and
13      f.      determining and complying with tax reporting obligations of the
14                QSF relating to distributions or payments to vendors, if
15                applicable.

12.      The Agreement further provides that the fixed fees include all copying and routine postage expenses; and any internal expenses of the Tax Administrator in performing these services, such as facsimile fees and telephone charges. Expenses that are not included as part of fixed fees are expedited delivery fees (such as Federal Express) and other extraordinary costs, such as extended telephone conferences and reports. Further, any additional tax compliance services and services for the administration of the QSF would be provided at the Commission's request and billed at the Tax Administrator's current rates discounted by 20%.

**The Stipulation To Appoint The Tax Administrator**

13.      Because the KPMG Settlement Fund is a QSF, and KPMG relinquished all legal and equitable right, title, and interest in the KPMG Settlement fund, the SEC must arrange for the appointment and authorization of a tax administrator on behalf of the KPMG Settlement Fund, to take all necessary

3

1 | steps to enable the KPMG Settlement Fund to obtain and maintain the status of a
2 | taxable QSF, including the filing of all required elections, returns and information
3 | statements contemplated by those provisions.

4 |     14. Once appointed and authorized, the Tax Administrator will cause the
5 | KPMG Settlement Fund to pay taxes in a manner consistent with the treatment of
6 | The KPMG Settlement Fund as a QSF from and after its inception in October
7 | 2004.

8 |     15. Any reasonable costs, fees, and other expenses incurred in the
9 | performance of the Tax Administrator's duties shall be paid by the KPMG
10 | Settlement Fund in accordance with the Agreement between the Commission and
11 | the Tax Administrator.

12 |     16. KPMG does not oppose the Commission's request to appoint
13 | Damasco & Associates as the Tax Administrator of the KPMG Settlement Fund
14 | and the SEC acknowledges that KPMG's participation in this stipulation for the
15 | purposes of expressing its non-opposition to the appointment of Damasco &
16 | Associates, as the Tax Administrator, is consistent with KPMG's undertaking in
17 | connection with the AP order to relinquish all legal and equitable right, title and
18 | interest in the KPMG Settlement Fund.

DATED: September 22, 2005

JOSE F. SANCHEZ
Attorney for
Securities and Exchange Commission

DATED: September 2, 2005

MICHAEL C. KELLEY
Attorney for KPMG LLP

4

## ORDER

Good cause having been show, the Court orders as follows:

1. Damasco & Associates is appointed as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to funds under the Court's jurisdiction in this case.

2. Damasco & Associates shall be designated the administrator of the KPMG Settlement Fund, pursuant to Section 468B(g) of the Internal Revenue Code ("IRC"), 26 U.S.C. § 468B(g), and related regulations, and shall satisfy the administrative requirements imposed by those regulations, including but not limited to: a) obtaining a taxpayer identification number; b) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the KPMG Settlement Fund, and c) satisfying any information, reporting, or withholding requirements imposed on distributions from the KPMG Settlement Fund. The Tax Administrator shall contemporaneously provide copies of all such filings to the Commission's counsel of record.

3. The Tax Administrator shall, at such times as the Tax Administrator deems necessary to fulfill the tax obligations of the KPMG Settlement Fund, request that the Commission's counsel of record file with the Court a motion, supported by the Tax Administrator's declaration of the amount of taxes dues, to transfer funds from the KPMG Settlement Fund on deposit with the Court to pay any tax obligations of the KPMG Settlement Fund.

4. The Tax Administrator shall be entitled to charge reasonable fees for tax compliance services and related expense in accordance with its agreement with the Commission as detailed above in the parties' Stipulation. The Tax Administrator shall, at such times as the Tax Administrator deems appropriate, submit a declaration of fees and expenses to the Commission's counsel of record for submission to the Court for approval and for payment from the KPMG Settlement Fund. No fees or expenses may be paid absent the Court's prior

1  approval.
2       5.   At least ten (10) days before any motion to pay fees and expenses is
3  filed with the Court, the Tax Administrator shall provide the Commission counsel
4  of record with a draft of the supporting declaration for review.  If the Commission
5  has any corrections or objections to the declaration, the Tax Administrator and the
6  Commission's counsel shall attempt to resolve them on a consensual basis.  If a
7  consensual resolution is not reached, the Commission may submit with the motion
8  any objection along with the Tax Administrator's response thereto.

DATED September 2, 2005

*/s/ Mariana R. Pfaelzer*
HONORABLE MARIANNA R. PFAELZER
United States District Judge

6

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On September 23, 2005, I caused to be delivered the document entitled **STIPULATION TO APPOINT A TAX ADMINISTRATOR OVER THE SETTLEMENT FUND PAID BY KPMG LLP** upon the party to this action addressed as stated on the attached service list:

[X] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee only as indicated on the attached service list.

[ ] **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ] **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X] **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X] **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Date: September 23, 2005

_Magnolia M. Marcelo_
MAGNOLIA M. MARCELO

In re Gemstar-TV Guide International Inc. Securities Litigation
United States District Court - Central District of California
Case No. CV 02-2775 MRP (PLAx)
(LA-2590)

SERVICE LIST

Alan Schulman, Esq.
Blair A. Nicholas, Esq.
Timothy A. Delange, Esq.
Bernstein Litowitz Berger & Grossman LLP
12544 High Bluff Drive, Suite 150
San Diego, CA 92130
Facsimile: (858) 793-0323
*Attorneys for Lead Plaintiffs the Teachers' Retirement System of Louisiana and the General Retirement System of the City of Detroit and Lead Counsel to the Class*

Michael C. Kelley, Esq.
Sidley Austin Brown & Wood LLP
555 West Fifth Street
Los Angeles, CA 90013
Facsimile: (213) 896-6600
*Attorney for KPMG LLP*